IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James D. Tinsley, II, #171943 ) | |
| ) | Civil Action No. 8:08-532-SB-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| James Singleton, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the parties' cross motions for summary judgment. [Doc. 33, 39.] The plaintiff alleges that the defendants performed an illegal search and seizure of his property and that they have denied him meaningful access to the courts.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*,

404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is

deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The plaintiff has pled two claims pursuant to 42 U.S.C. § 1983.  The first is for an alleged violation of his Fourth Amendment constitutional right to be free from unreasonable searches and seizures.  The plaintiff does not plead conduct tantamount to malicious prosecution or false imprisonment. He alleges only a violation of his Fourth Amendment rights via an unreasonable seizure and search. The second claim is for denial of access to the courts.  The Court will address each in turn.

**I.**     **Fourth Amendment Claim**

The plaintiff's fourth amendment claim is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck v. Humphrey* bars a Section 1983 action if it is clear from the record that its successful prosecution would

necessarily imply that the plaintiff's earlier conviction was invalid. *Id*. at 487; *Riddick v. Lott*, 202 Fed. Appx. 615, 616 (4th Cir. 2006). If a successful Section 1983 claim would so imply, then the plaintiff must demonstrate that his underlying conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.

Application of *Heck* requires a close factual examination of the underlying conviction. *See Heck*, 512 U.S. at 487 n.7. Critically, *Heck* expressly states that suits for unreasonable searches and seizures may potentially go forward if the underlying conviction is otherwise saved by such doctrines as independent source, inevitable discovery, and harmless error. *Id*.

The Fourth Circuit, however, in *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003), has held that the "hypothesis presented in footnote 7 [of *Heck*] does not provide a blanket protection for all § 1983 damage suits alleging an unreasonable search." *Id*. The court of appeals found that, in some circumstances, "the suppression of the evidence seized pursuant to the challenged search in [a] § 1983 case would necessarily imply invalidity of the criminal conviction because the doctrines of independent source, inevitable discovery, harmless error, and other similar doctrines would not save the criminal conviction." *Id*. The court ruled that the plaintiff must advance "circumstances .

. . [or] suggest how the state could convict him" even in the absence of the challenged search and evidence flowing from it. *Id*.

In this case, it is undisputed that the plaintiff was, in fact, convicted, on July 31, 2008, of two counts of possession of stolen property and one count of possession of a stolen vehicle. It is further undisputed that the plaintiff was found in possession of the stolen property and vehicles as a result of the contested search. Specifically, the plaintiff and a passenger were arrested for allegedly stealing Polaris four wheelers and other property. (Smith Aff. ¶ 7.) The passenger took the arresting officers to a campsite where the plaintiff had been staying and where the stolen four wheelers and trailers were located, in plain view. *Id*. ¶ 8, 9. As a result of observing the property, officers obtained two search warrants. *Id*. ¶ 9-11. Searches made pursuant to those warrants determinatively linked the plaintiff to the stolen property. *Id*. ¶ 10-11, 14. The "suppression of the evidence seized pursuant to the challenged search would necessarily imply invalidity of the criminal conviction because the doctrines of independent source, inevitable discovery, harmless error, and other similar doctrines would not save the plaintiff's criminal conviction." *Ballenger*, 352 F.3d at 846. The property "seized was uniquely available from the alleged illegal search." *Id*.

The "plaintiff has advanced no circumstances, nor conceived of any to [the Court's] knowledge, to suggest how the state could convict him" of possession of stolen property if the search were to be found *illegal*. *See id*. In fact, he argues the precise

6

opposite – that his "incarceration . . . would not have occurred 'but for' the unconstitutional acts of Defendants." (Mem. Supp. Summ. J. at 5.)

In the particular circumstances of this case, there could be no independent source for the property and no inevitable discovery of it. *See id.* Moreover, if the evidence obtained by the search were suppressed, there could be no harmless error because there would be no evidence of his possession of the stolen property. It was possession of the property discovered at a campsite where the plaintiff was staying that constituted the criminal offense, and were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged. *See id.*

This district has consistently reached this result in its application of *Ballenger* to similar cases involving challenged searches. *See Scott v. South Carolina*, 2008 WL 4862517, at *6 (D.S.C. November 07, 2008); *Gay v. McMaster*, 2008 WL 4200333, at *3 (D.S.C. September 09, 2008); *Garren v. Raymond*, 2007 WL 752205, at *2 (D.S.C. March 8, 2007).

Because a judgment for the plaintiff in this case would necessarily imply invalidity of his conviction, the case at this stage amounts to no more than an unexhausted habeas corpus claim that collaterally attacks his conviction. *See Harvey v. Horan*, 278 F.3d 370, 377-78 (4th Cir. 2002). As a result, the plaintiff must produce evidence that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §

2254." *Id*. at 486-487. He has not done so. Accordingly, his claim is not cognizable under Section 1983. *See Heck*, 512 U.S. at 489 ("We . . . deny the existence of [such] a cause of action").

But, even if one of the doctrines of independent source, inevitable discovery, or harmless error could be used so that the plaintiff's conviction would not be invalidated, and thus his section 1983 suit could continue, the claim is still barred on the facts of this case. In order for a plaintiff to receive compensatory damages, the plaintiff must prove that the search was unlawful and it ***caused actual, compensable injury***. *Heck*, 512 U.S. at 487 n.7. The Supreme Court has held that compensable injury "**does not** encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id*. (emphasis added); *see also Townes v. City of New York*, 176 F.3d 138, 148-49 (2nd 1999). The plaintiff, here, specifically requests damages for "each day of incarceration." (Compl. Mem. Supp. at 11.) He reiterates again in his memorandum in support of summary judgment that he is "seeking 'damages' for the Constitutional violations which a state criminal trial could not award. ***Plaintiff has suffered incarceration and expense*** that has caused him damages that would not have occurred 'but for' the unconstitutional acts of Defendants." (Mem. Supp. Summ. J. at 5 (emphasis added).) He has not claimed, as a result of the allegedly unreasonable search and seizure, any damages directly related to the invasion of his privacy, to wit, "damages for physical injury, property damage, injury to reputation, etc. . . ." *Townes*, 176 F.3d at 148. The plaintiff's effort to secure damages for having been "convicted and

8

imprisoned," therefore, cannot survive. *Heck*, 512 U.S. at 487 n.7; *see also McFadden v. Davis*, 2008 WL 4191011, at *3 n.8 (M.D.N.C. 2008) (reiterating Supreme Court rule that the plaintiff cannot recover damages for the "injury" of being imprisoned).

The plaintiff's time for post-conviction proceedings is still pending, it is appropriate, therefore, to dismiss the plaintiff's Section 1983 claim *without prejudice*. *Ballenger*, 352 F.3d at 847.

## II.   Denial of Access to the Courts

The plaintiff next contends that he was denied meaningful access to the courts insofar as the Oconee County Detention Center has no law library. The defendants concede there is no library at the detention facility. The Oconee County Detention Center, however, only houses pre-trial detainees and inmates who have been sentenced to 90 days or less. (Pruitt Aff. ¶ 3.) The defendants represent that due to a lack of funds and the length of time person are incarcerated at [the] facility, [they] do not have a law library . . . ." *Id*. ¶ 4. The defendants represent that while inmates are restricted in the materials that they can have, legal materials and photocopied cases are not prohibited.

The right of access to the courts is protected by Due Process and Equal Protection Clauses, *Murray v. Giarratano*, 492 U.S. 1, 11 n.6, (1989), and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). The Sixth Amendment "requires prison authorities to assist inmates in the

preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828.

But the right to a law library is not absolute. Critically, it "may be that a local jail designed to accommodate inmates for relatively short periods is under no obligation to provide access to the courts." *Strickler v. Waters*, 989 F2d 1375, 1385 (4th Cir. 1993). "A local facility need not provide the same resources, much less the same quality or extent of resources, as must a state facility, because the expectation is that its occupants will be confined there only briefly and that they will have access to more extensive resources upon arrival at a state correctional facility." *Id*. at 1386; *see Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir.1975) ("[I]n determining whether all inmates have adequate access to the courts, the district court need not consider those inmates whose confinement is of a very temporary nature or for purposes of transfer to other institutions").

While he has summarily alleged that a lack of access to a library has prevented him from pleading other claims, he has not indicated what other kinds of actions he might have pled. Moreover, his pleadings in this case have been substantially competent. Ultimately, the short-term nature of the facility involved leads this Court to conclude that no violation occurred. *Strickler*, 989 F2d at 1385. *But cf. Williams v. Leek*, 584 F.2d 1336, 1340 (4th Cir. 1978) ("[M]isdemeanants serving sentences of up to 12 months in local jails should not be left wholly without resources to prosecute potentially

valid habeas claims or claims challenging the conditions of confinement or the adequacy of medical care.") There is no evidence that he was at the facility longer than 90 days.

## CONCLUSION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 39] should be GRANTED and the plaintiff's motion for summary judgment should be DENIED.  More specifically, the plaintiff's Fourth Amendment claim should be dismissed *without prejudice* and his Denial of Access claim should be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 15, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).